UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GEORGE BECHT | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1119 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | * | SECTION "J" (2) |

## ORDER AND REASONS

Three Motions are pending before me: Plaintiff George Becht's Motion to Compel Production of Document (ECF No. 16); Plaintiff's Motion to Stay or Defer Ruling on Partial Dismissal (ECF No. 17) and Defendants BP Exploration & Production, Inc. and BP America Production Company's *Ex Parte* Motion for Leave to File Document under Seal for *In Camera* Inspection (ECF No. 23). Defendants timely filed Opposition Memoranda (ECF Nos. 21, 22). Plaintiff sought leave and filed a Reply in support of his Motion to Compel. ECF Nos. 24-26. No party requested oral argument, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel (ECF No. 16), Defendants' Motion for Leave to File Document under Seal for *In Camera* Inspection (ECF No. 23) and Plaintiff's Motion to Defer or Stay Ruling (ECF No. 17) are DENIED.

I.  **BACKGROUND**

Plaintiff George Becht filed this Back-End Litigation Option ("BELO") lawsuit against Defendants BP Exploration & Production, Inc. and BP America Production Company seeking compensation for two Later-Manifested Physical Conditions ("LMPCs"), as defined in the Deepwater Horizon Medical Benefits Class Action Settlement Agreement (the "MSA"), allegedly

1

caused by exposure to crude oil and clean-up chemicals while performing response activities as a boat captain in the aftermath of the Deepwater Horizon Oil Spill. ECF No. 1 ¶¶ 4, 39-41.

### A. The Motions to Compel, for Leave, and to Defer Ruling

Defendants filed a Motion for Partial Dismissal, alleging that Plaintiff's claim of prostate cancer must be dismissed as untimely and for failure to satisfy conditions precedent mandated by the MSA. ECF No. 4. The parties submitted briefs and obtained leave to file supplemental memoranda. Currently in dispute is Exhibit No. 6 to Plaintiff's Surreply Memorandum (ECF No. 14), which exhibit was obtained during discovery in a separate BP case filed in the Northern District of Florida.[1] The document is a four-page calendar invitation for a 2011 industrial hygiene conference call containing a detailed meeting agenda transmitted by one of BP's in-house attorneys to other in-house and outside counsel and several non-attorney BP employees. ECF No. 23-2.

Upon notification by Plaintiff's counsel that the document would be exhibited in Plaintiff's Surreply, Defense counsel clawed back the document, invoking attorney-client privilege and work product protection. Defendants also filed a Notice of Confidential Document indicating that the disputed document was produced to Plaintiff's counsel in another Deepwater Horizon case, is subject to a protective order in that case, and the privilege status of the document should be briefed in the other case given the operative protective order there. ECF No. 15.

Plaintiff then filed a Motion to Compel production of same, disputing the attorney-client privilege and work product designations. ECF No. 16. Specifically, Plaintiff asserts that the document is not privileged because the in-house attorney who authored it was predominantly acting in his capacity as a business advisor rather than providing legal advice. ECF No. 16-1 at 5-15. Even if the document contains privileged communications, Plaintiff argues he has a substantial

---

[1] *See* ECF No. 16-1 at 20 (explaining that the disputed document was produced in *Frassetti v. BP*, No. 21-551 (N.D. Fla.) and is governed by the Protective Order issued in that case).

2

need for the document and is unable to obtain the substantial equivalent of the document without undue hardship, hence production is warranted under FED. R. CIV. P. 26(b)(3). *Id*. at 15-17. Alternatively, Plaintiff avers that the crime-fraud exception and/or implied waiver doctrine should apply. *Id*. at 17-19. Finally, Plaintiff argues that this Court can appropriately render a privilege determination although the document was produced in another case and under another Court's protective order because that protective order only provides procedures for challenging confidentiality, not privilege. *Id*. at 20-21. Plaintiff also moved for a stay or deferral of ruling on Defendants' motion for partial dismissal pending a ruling on the disputed document. ECF No. 17.

Defendants oppose the motion to compel, arguing that the document is facially privileged and subject to the protection set forth in the *Frassetti* protective order, noting that the magistrate judge in that case recently ruled that a similar document was protected by attorney-client privilege and not subject to any waiver or exception. ECF No. 21. Defendants further reiterate their privilege and work product protection arguments, emphasize that the privileged nature of the document entitled Defendants to claw back same, dispute Plaintiff's contention that BP waived its privilege assertion, and argue that the substantial need and crime-fraud exceptions do not apply. *Id*. at 1-7, 8-9, 9-11, 11-12. Defendants also filed a Motion for Leave to File Document under Seal Document for *In Camera* Inspection, attaching the disputed exhibit and requesting that the court seal same in its entirety. ECF No. 23.

In Reply, Plaintiff argues that Defendants cannot equitably use the "dual role" its attorneys played during the oil spill response to shield "purely industrial hygiene and sampling-related workstreams." ECF No. 26 at 1-3. Plaintiff also clarifies that he did not proffer the document to defense counsel as evidence of causation, but rather in support of his equitable tolling arguments, and reiterates that the exceptional need exception applies because Plaintiff cannot obtain the

substantial equivalent of the materials by other means without undue burden due to BP's fraudulent concealment. *Id*. at 3-4. Finally, Plaintiff avers that a privilege determination is a factual determination, thus the Northern District of Florida's recent Order granting Defendants' Motion to Enforce Protective Order[2] does not apply as it pertains to a different document that presents an entirely different factual circumstance. *Id*. at 4-5.

## II. APPLICABLE LAW AND ANALYSIS

### A. The *Frassetti* Protective Order

The document at issue was produced during discovery in another *Deepwater Horizon* case, *Frassetti v. BP*, No. 21-551 (N.D. Fla.), filed in December 2020. That case was dismissed by joint stipulation in 2022.[3] The document was produced subject to the protection set forth in the Northern District of Florida's Order Governing Confidential Materials and Discovery of Electronically Stored Information in that case (the "*Frassetti* order").[4] The *Frassetti* order provides that information may be designated as confidential when the producing party reasonably believes that the information disclosed contains information subject to protection under FED. R. CIV. P. 26(c).[5] Further, all confidential information in that case "shall be kept confidential by the parties and used solely for the purpose of investigation the claims and defenses asserted in [that] matter and for no other purpose."[6]

If any party objects to a confidential designation, the party must transmit a written objection, attempt to resolve the dispute informally, and, if no agreement can be reached, counsel may move for informal pre-motion mediation with that court.[7] The *Frassetti* order is subject to

---

[2] *See* ECF No. 80 in *Frassetti*, No. 21-551 (N.D. Fla.).
[3] ECF Nos. 67, 80 in *Frassetti*, No. 21-551 (N.D. Fla.); *see also* ECF Nos. 15, 15-1, 16-1 at 20 (*Becht v. BP*, No. 23-1119 (E.D. La.).
[4] ECF No. 50-1.
[5] *Id*. ¶ 2 at 1.
[6] *Id*. ¶ 4 at 3.
[7] *Id*. ¶ 7 at 6-7.

modification: "Nothing in this Protective Order shall preclude any of the parties from otherwise seeking a modification of this Protective Order through motions made before *this Court*."[8] The *Frassetti* Court retained jurisdiction to enforce the Protective Order at the conclusion of the litigation.[9]

### B. Modification of Another Court's Protective Order

Collateral litigants may be entitled to modification of the protective order permitting them access to covered material, subject to the terms of that order.[10] Indeed, federal courts historically favor such information sharing in appropriate circumstances.[11] However, the effect of the original protective order on another proceeding should normally be determined by the court that issued the governing order.[12] Once a collateral litigant requests modification of the issuing court's protective order and makes the requisite showing of the relevance of the discovery to her case and its general discoverability, the issuing court may modify its protective order to allow the sharing of discovery.[13]

### C. Analysis

#### 1. The Motions to Compel and for Leave to File under Seal

Plaintiff does not seek modification of the *Frassetti* order. Rather, Plaintiff asks this Court to disregard the *Frassetti* order altogether, arguing that the undersigned can determine whether

---

[8] *Id*. ¶ 13 at 11 (emphasis added).
[9] *Id*. ¶ 14 at 11.
[10] *See Stack v. Gamill*, 796 F.2d 65, 68 (5th Cir. 1986) (noting that "protective orders should generally be modified to allow discovery in other actions").
[11] *Garcia v. Cont'l Tire N. Am., Inc.*, No. 05-666, 2006 WL 8434211 (W.D. Tex. June 19, 2006) (citing, *inter alia*, *Wilk v. Am. Med. Assocs.*, 635 F.2d 1295 (7th Cir. 1980); *Superior Oil Co. v. Am. Petrofina Co. of Tex.*, 785 F.2d 130 (5th Cir. 1986); *Bell ex rel. Bell v. Chrysler Corp.*, No. 99-139, 2002 WL 172643 (N.D. Tex. 2002); and Federal Judicial Center, MANUAL FOR COMPLEX LITIGATION § 21.432 (3d Ed. 1995) (noting that, in assessing whether to modify a protective order to allow sharing with collateral litigants, the courts balance the potential harm to the party seeking protection against the requesting party's need for the information and the public interest served by its release)).
[12] *Id*. (citing MANUAL ON COMPLEX LITIGATION § 21.432).
[13] *Id*.

Defendants' privilege invocation is proper because the *Frassetti* order only provides procedures for challenging confidentiality.[14] In making that request, however, Plaintiff ignores the primary issue with the document in question—it was produced pursuant to a confidentiality designation in another case.[15] Under the clear terms of the *Frassetti* order, confidential documents produced therein "shall be kept confidential by the parties and used solely for the purpose of investigating the claims and defenses asserted in [that] matter and for no other purpose."[16]

The fact that Plaintiff's counsel represents both Becht and Frassetti does not give counsel carte blanche to share confidential discovery between clients in violation of a court's order absent express permission from the issuing court. This Court will not ignore a governing protective order issued by another federal court. Further, it does not appear that Plaintiff has properly issued discovery in this case before seeking to compel production of this document. No Request for Production is included, no response to same, no privilege log, and no other item suggesting that the document at issue has been requested in this case. Considering the impropriety of a privilege review of the disputed document at this time, the unredacted version of the document (filed at ECF No. 23-2) must be stricken from the record.

### 2. Motion to Stay or Defer Ruling on Motion for Partial Dismissal

Plaintiff's argument that ruling on Defendants' pending Motion for Partial Summary Judgment would be premature prior to a ruling on the disputed document is without merit. Initially, in determining a Rule 12 motion to dismiss, the court may only consider documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of

---

[14] ECF No. 16-1 at 20.
[15] ECF Nos. 15 at 2, 15-1, 16-1 at 20.
[16] ECF No. 15-1 ¶ 4 at 3.

the public record or subject to judicial notice without converting the motion to a Rule 56 motion.[17] Plaintiff has not demonstrated, nor even alleged, that the document in question falls within one of the aforementioned categories. Further, despite Plaintiff's characterization of the document as "key" to his fraudulent concealment claim, Plaintiff has referenced numerous other exhibits to his Complaint in support of that argument (*see, e.g.,* training materials excerpt, ECF No. 1 ¶ 44, at 12), and Plaintiff has not demonstrated that ruling on Defendants' motion without consideration of the disputed document would cause him any hardship. The Motion for Partial Dismissal is fully briefed, and the court will consider same under the parameters of Rule 12 and Supreme Court precedent regarding the appropriate consideration of documents in support or opposition of dismissal without further undue delay.

### III. CONCLUSION

For the foregoing reasons, this Court cannot undertake review of a document subject to another court's Protective Order unless or until that Court rules on the confidentiality designation of the document and grants the parties permission to disclose same to collateral litigants. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 16) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay or Defer Ruling (ECF No. 17) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File Document Under Seal for *In Camera* Review (ECF No. 23) is DENIED. The Clerk is hereby instructed to STRIKE

---

[17] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation and internal quotation omitted) (stating a court may consider Complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

FROM THE RECORD the document temporarily filed under seal at ECF No. 23-2 in accordance with Local Rule 5.6.

New Orleans, Louisiana, this ___7th___ day of July, 2023.

*[Signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE