UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GEORGE BECHT | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1119 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | * | SECTION "J" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff George Becht's Motion for Reconsideration of the Court's July 7, 2023 Order Denying Plaintiff's Motion to Compel (ECF No. 27). ECF No. 29. Defendants BP Exploration & Production, Inc. and BP America (collectively, "BP") timely filed an Opposition Memorandum. ECF No. 30. BP later sought leave and filed supplemental authority from the United States District Court for the Northern District of Florida. ECF Nos. 31, 33. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Reconsideration (ECF No. 29) is DENIED for the reasons stated herein.

**I. BACKGROUND**

Plaintiff George Becht filed this Back-End Litigation Option ("BELO") lawsuit against Defendants BP Exploration & Production, Inc. and BP America Production Company seeking compensation for two Later-Manifested Physical Conditions ("LMPCs"), as defined in the Deepwater Horizon Medical Benefits Class Action Settlement Agreement (the "MSA"), allegedly caused by exposure to crude oil and clean-up chemicals while performing response activities as a boat captain in the aftermath of the Deepwater Horizon Oil Spill. ECF No. 1 ¶¶ 4, 39-41.

1

Defendants filed a Motion for Partial Dismissal, alleging that Plaintiff's claim of prostate cancer must be dismissed as untimely and for failure to satisfy conditions precedent mandated by the MSA. ECF No. 4. The undersigned issued a Report and Recommendation on July 14, 2023, recommending dismissal of Plaintiff's prostate cancer claim with prejudice. ECF No. 28. Objections to same were due by July 28, 2023, and no objections were timely filed.

While briefing the motion to dismiss, the parties reached an impasse about the admissibility of Exhibit No. 6 to Plaintiff's Surreply Memorandum (ECF No. 14), which exhibit was obtained during discovery in a separate BP case filed in the Northern District of Florida.[1] Upon notification by Plaintiff's counsel that the document would be exhibited in Plaintiff's Surreply, Defense counsel clawed back the document, invoking attorney-client privilege and work product protection. Defendants also filed a Notice of Confidential Document indicating that the disputed document was produced to Plaintiff's counsel in another Deepwater Horizon case, is subject to a protective order in that case, and the privilege status of the document should be briefed in the other case given the operative protective order there. ECF No. 15.

Plaintiff then filed a Motion to Compel production of same, disputing the attorney-client privilege and work product designations and asserting that this Court could appropriately render a privilege determination although the document was produced in another case and under another Court's protective order because that protective order only provides procedures for challenging confidentiality, not privilege. ECF No. 16. The Court denied Plaintiff's Motion to Compel in light of the *Frassetti* protective order's mandate that all confidential information in that case "shall be kept confidential and used solely for the purpose of investigation the claims and defenses asserted

---

[1] *See* ECF No. 16-1 at 20 (explaining that the disputed document was produced in *Frassetti v. BP*, No. 21-551 (N.D. Fla.) and is governed by the Protective Order issued in that case).

in [that] matter and for no other purpose"[2] and Plaintiff's apparent failure to seek modification of the governing order before attempting to utilize the disputed document in this case.

Plaintiff now asks the undersigned to "revise the language" in its Order and Reasons "to reflect that the 1) [sic] documents produced through discovery in one B3 or BELO matter can be and are routinely used in other B3 or BELO matters and 2) that Protective Order in Frassetti does not require that the Northern District of Florida is the only court who can determine privilege challenges." ECF No. 29. BP opposes the motion, arguing that established case law supports the Court's decision to refrain from making a privilege determination in light of the *Frassetti* Court's governing protective order. ECF No. 33. BP also attaches the *Frassetti* Court's August 3, 2023 Order in which U.S. Magistrate Judge Cannon found the disputed document to be privileged, granted BP's motion to enforce protective order, and ordered the *Frassetti* Plaintiff to immediately destroy the document. ECF No. 27-1.

## II. <u>APPLICABLE LAW AND ANALYSIS</u>

The Federal Rules of Civil Procedure do not provide specifically for motions for reconsideration.[3] Under Rule 54(b), "[d]istrict courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order. The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b)."[4] "The general practice of courts in [the Eastern District of Louisiana] has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule

---

[2] ECF No. 50-1 ¶ 4 at 3.
[3] *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004).
[4] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002); *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (A Rule 59(e) motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion).

59(e) motions to alter or amend a final judgment," balancing the interests of justice with the need for finality.[5] Our court considers four factors in deciding a motion to reconsider under the Rule 59(e) standard: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.

Motions to reconsider, whether analyzed under Rule 54(b), Rule 59(e) or Rule 60(b), "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[6] They are not the proper vehicle for rehashing evidence, legal theories, or arguments.[7] Nor should a motion for reconsideration be used to raise arguments that could have and should have been made before entry of an order or to re-urge matters that have already been advanced by a party.[8] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[9]

Plaintiff has not established that reconsideration is proper. Initially, Plaintiff misconstrues the Order at issue by suggesting that this Court found that the determination of privilege was "exclusively for the Northern District of Florida" to decide. ECF No. 29-1 at 5. Rather, the Court refrained from making a privilege determination "at this time" because the disputed document was subject to the confidentiality provision of the *Frassetti* Court's protective order and thus not

---

[5] *See, e.g., Antoine's Restaurant, LLC v. Certain Underwriters at Lloyd's London,* No. 23-229, 2023 WL 3751509, at *2 (E.D. La. June 1, 2023) (Vitter, J.) (citing S. *Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 65 (E.D. La. 2013) (Brown, J.) (internal citation omitted)).; *Castrillo v. Am. Home Mortg. Serv'g, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009).
[6] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).
[7] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).
[8] *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990).
[9] *Livingston Downs Racing Ass'n*, 259 F. Supp. 2d at 475.

properly before this Court without express modification of the protective order by Judge Cannon. ECF No. 27 at 6. Indeed, despite Plaintiff's repeated contention that "confidentiality is not at issue here,"[10] it was confidentiality that precluded this Court from allowing the parties to file the disputed document on the record or making a privilege determination. Plaintiff's argument that it is "common knowledge and practice that documents produced in one B3 or BELO case are utilized across the docket of [BP] cases" does not constitute legal authority sufficient to disregard the *Frassetti* protective order, nor has Plaintiff identified any contract, caselaw, or other governing authority to confirm that his counsel had the right to share confidential information between the two *Deepwater Horizon* cases in spite of, rather than "subject to" the governing protective order.

Further, Plaintiff has not demonstrated, nor even argued, the presence of any of the four factors warranting reconsideration of the Court's Order. He does not assert that reconsideration is necessary to correct a manifest error of law or fact, newly discovered or previously unavailable evidence is now available, reconsideration is necessary in order to prevent manifest injustice; or that there has been an intervening change in controlling law since the Order was issued.

### III.    CONCLUSION

Plaintiff has failed to articulate any reason why the Court should apply the "extraordinary remedy" of reconsideration to the Court's July 7, 2023 Order. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 29) is DENIED.

New Orleans, Louisiana, this __14th__ day of August, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[10] ECF No. 29-1 at 9.